321 P.2d 1015

PIMA COUNTY, State of Arizona, and The Board of Supervisors of Pima County, Arizona, and J. Homer Boyd, Lambert Kautenburger and Thomas S. Jay, Appellants,

v.

Nick CAPPONY and Clara Cappony, husband and wife, Appellees.

No. 6359.

Supreme Court of Arizona.

Feb. 19, 1958.

Raul H. Castro, County Atty., and Lyle R. Allen, Chief Civil Deputy, Tucson, for appellants.

Cusick, Watkins & Frey, Tucson, for appellees.

WINDES, Justice.

Pursuant to the provisions of section 59–601, A.C.A.1939 (now A.R.S., sections 18–201 to 18–205, inclusive), proceedings were instituted before the board of supervisors of Pima county to establish Grant road. Nick Cappony and his wife, appellees herein and plaintiffs below, owned property a portion of which was proposed to be taken in the establishment of the road. As provided for in the foregoing statute appraisers were appointed and thereafter rendered their report to the effect that the plaintiffs would be damaged in the sum of $1,250 for moving certain improvements but contained no estimation of the value of the property taken.

Thereafter the board adopted a resolution awarding plaintiffs the $1,250 "for property taken and payment for damages". The resolution also provided for the establishment of the road which included a ten-foot strip off plaintiffs' property. Plaintiffs had due notice of the proceedings before the board and appeared therein but did not accept the $1,250. Thereafter plaintiffs instituted this action seeking just compensation. Trial resulted in a verdict and judgment in the sum of $2,050 as compensation for the property taken and $3,000 severance damages. The county appeals and presents one specification of error which is:

"The court erred in granting judgment for plaintiffs and refusing to grant defendants' motion for judgment non obstante veredicto, for the reason that the plaintiffs had already been awarded compensation in road proceedings 765, and plaintiffs' failure to appeal from such proceedings within the time required by law, made further proceedings before the superior court improper and erroneous."

The legal question presented is whether plaintiffs are bound by the action of the board of supervisors in awarding them $1,250 in that they did not avail themselves of the provisions of section 59–601, supra, and appeal the award to the superior court. Since this case was tried, the question has been answered adversely to the contentions

350

of the county in our recent case of Mc-Cune v. City of Phœnix, 83 Ariz. 98, 317 P.2d 537, 541. Therein we said:

"Arizona Constitution, article 2, section 17, A.R.S., tells us what an owner's rights are when private property is to be taken or damaged for public use. It prescribes that he shall have just compensation and the same 'shall be ascertained by a jury' (unless waived) as in other civil cases 'in courts of record, in the manner prescribed by law.' In harmony with this constitutional mandate, section 27–909, A.C.A.1939 (now A.R.S. section 12–1116) requires that all proceedings for condemnation must be brought in the superior court in the same manner as other civil actions. It is our view that the legislature cannot legally give the board of supervisors the power to condemn private property for public use, to assess the compensation to be paid the owner, to require him to give bond and appeal and to try the matter so appealed on some record made before the board of supervisors even though he might submit additional evidence. This is not ascertaining compensation and damages as in other civil cases in courts of record. To the extent that section 59–601 purports to empower the board to assess compensation or damages it offends the Arizona con-

stitution, article 2, section 17, and cannot be given validity."

We held, however, in that case that section 59–601 was only unconstitutional to the extent that it attempted to empower the board to award compensation and damages and that the resolution when adopted and recorded would establish the highway as therein delineated.

Judgment affirmed.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.