437 P.2d 681

**Cordell LANDERS, Appellant,**

**v.**

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellees.**

**No. 2 CA–CIV 495.**

Court of Appeals of Arizona.

Division 2.

Feb. 27, 1968.

Rehearing Denied March 29, 1968.

---

Cordell Landers, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for appellees.

HATHAWAY, Chief Judge.

The appellant filed a petition for a writ of habeas corpus in superior court, Pinal County and has taken this appeal from the summary denial thereof. He contends that the superior court did not give proper consideration to his petition which "showed that his constitutional rights were violated" and that his conviction was "illegal."

Needless to say, petitioner was not entitled to a writ of habeas corpus merely for the asking. Eyman v. McPherson, 1 Ariz.App. 578, 405 P.2d 830 (1965). Nor is a hearing required before denial of a habeas corpus application if the applicant, as a matter of law, is not entitled to relief. Blair v. People of State of Cal., 340 F.2d 741 (9th Cir. 1965); Barker v. State of Ohio, 330 F.2d 594 (6th Cir. 1964); Curtis v. Bennett, 256 Iowa 1164, 131 N.W.2d 1 (1964); Commonwealth v. Smythe, 202 Pa.Super. 30, 195 A.2d 187 (1963).

The petitioner claimed that he was denied his constitutional rights of effective assistance of counsel and a speedy trial. His attack on counsel is predicated upon counsel's purportedly perfunctory representation at the preliminary hearing in not challenging the testimony of identification witnesses and not producing witnesses in his behalf. Such allegations, if true, would not entitle the petitioner to habeas corpus relief since they would constitute no more than errors in judgment. State ex rel. Williams v. Rigg, 256 Minn. 568, 99 N.W.2d 450 (1959);

Commonwealth ex rel. Rook v. Myers, 402 Pa. 202, 167 A.2d 274 (1961). Furthermore, any defects in the conduct of the preliminary examination, if petitioner's complaint be construed to be that of lack of a preliminary examination, were waived when no timely objection to the information was made before petitioner plead, Rule 79, Rules of Criminal Procedure, 17 A.R.S.; State v. White, 102 Ariz. 18, 423 P.2d 716 (1967); and is not reviewable by habeas corpus. Graves v. Eyman, 373 F.2d 324 (9th Cir. 1967).

The petitioner challenged the effectiveness of counsel for the reason that defense counsel:

> "told petitioner to plea [sic] guilty and he [defense counsel] promised petitioner that he would get probation or a jail sentence and the robbery dropped, in which petitioner pled guilty to one charge."[1]

■ It would thus appear, from the face of the petition, that petitioner's claim of "ineffectiveness" is refuted, since apparently defense counsel "bargained for a plea" and succeeded in getting one charge dropped. The fact that the petitioner was sentenced to a term of imprisonment instead of being put on probation is no doubt a disappointment. However, his claim of "unkept" promises does not accord with his above-quoted statement of counsel. Unfulfilled hopes do not justify post-conviction verbal brick bats such as the petitioner has hurled at his defense counsel.

■ The petitioner's contention that he was denied a speedy trial rests on the fact that he learned, while serving a sentence in California, that Arizona had a "hold" on him and he was unable to ascertain the reason. He was not denied his right to a speedy trial nor to be informed of the nature of the charges against him in Arizona while he was serving his sentence in California. See Palmer v. State, 99 Ariz. 93, 407 P.2d 64 (1965), cert. denied, 385 U.S. 854, 87 S.Ct. 101, 17 L.Ed. 2d 82. Furthermore, by pleading guilty the petitioner waived any question in regard to his right to a speedy trial, State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966).

There was no error in denying the petition which set forth no facts which, if true, would entitle the petitioner to habeas corpus.

Order affirmed.

MOLLOY and KRUCKER, JJ., concur.

---

1. The petition alleged that the petitioner had been charged with two offenses, robbery and kidnapping.