469 P.2d 120

**STATE of Arizona, ex rel. ARIZONA STATE BOARD OF PARDONS AND PAROLES, Petitioners,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Judge Jerry H. Glenn, Winnie Ruth Judd, Real Party in Interest, Respondents.**

**No. I CA–CIV 1287.**

Court of Appeals of Arizona Division 1, Department A.

May 14, 1970.

Gary K. Nelson, Atty. Gen., for petitioners.

Debus & Busby, Phoenix, for respondent Winnie Ruth Judd.

SUPPLEMENTAL OPINION

STEVENS, Judge.

In our opinion filed on 14 April 1970, 12 Ariz.App. 77, 467 P.2d 917, we stated:

"In *McGee* [v. Arizona State Board of Pardons & Paroles, 92 Ariz. 317, 376 P.2d 779] the Supreme Court commented upon the fact that the Board had not adopted rules as authorized by A.R.S. § 31–403. It is interesting to note that this section was repealed by § 10, subd. B of Chapter 198, Laws of 1968, effective prior to the date of the hearing now in question."

A motion for rehearing has been filed which did not raise a question as to the accuracy of this statement. The response of The Attorney General has called our attention to this statement. We believe we should correct the record.

Chapter 21 of the Laws of 1966 relates to the Board of Pardons and Paroles. Section 1 amends A.R.S. § 31–401 and therein the rulemaking power is carried forward. Section 2 amends A.R.S. § 31–403 and as amended this section is silent as to the rulemaking power.

Chapter 198 of the Laws of 1968, referred to in the above-quoted portion of our opinion, further amended the law with reference to the Board. Therein A.R.S. § 31–403 as amended in 1966 was repealed. In Section 4 of Chapter 198, A.R.S. § 31–401 was further amended. Under the 1968

amendment we find the rulemaking power in A.R.S. § 31–401, subsec. F.

Thus it appears, contrary to our expression in our opinion, that the Board has at all times possessed rulemaking power. It is our opinion that this correction does not change the overall conclusions we reached in our opinion of 14 April.

The motion for rehearing and the opposition thereto have been considered and by this supplemental opinion the motion for rehearing is denied.

DONOFRIO, P. J., and CAMERON, J., concur.