475 P.2d 285

**CITY OF TUCSON, a municipal corporation,
Appellant,**

v.

**Leonard MORGAN et ux., et al., Appellees.**

**No. 2 CA–CIV 748.**

Court of Appeals of Arizona,

Division 2.

Oct. 14, 1970.

Rehearing Denied Nov. 13, 1970.

Review Denied Jan. 5, 1971.

Lewis C. Murphy, City Atty., by J. Mercer Johnson, Special Counsel, Tucson, for appellant.

Spaid, Fish, Briney & Duffield, by Richard R. Fish, Tucson, for appellees Quinsler and Wood.

Dunseath & Stubbs, P. C., by Robert C. Stubbs, Tucson, for all other appellees.

HOWARD, Chief Judge.

In 1966 the City of Tucson commenced this action to quiet title to the public highway known as Alvernon Way between Broadway and Speedway together with an 80 foot wide right-of-way, 40 feet on either side of the County Section Line, naming as defendants the owners and mortgagees of various properties abutting on Alvernon Way.

On September 9, 1926 the Pima County Board of Supervisors, pursuant to § 5057 of the Revised Statutes for Arizona, 1913 Civil Code, passed a resolution purportedly condemning the land in question. Pursuant to the resolution, viewers were appointed. The viewers reported to the Board

that the benefits of the new roadway to the landowners would exceed any compensation due to them and no compensation was paid to the landowners. On October 2, 1926 Road Map No. 109 was recorded in the office of the Pima County Recorder.

Thereafter, the land on either side of the road was subdivided. Subdivision maps pertaining to the land in question were approved by the city engineer, county engineer, the Mayor and council of the City of Tucson and the Pima County Board of Supervisors and recorded in the office of the Pima County Recorder. For some unknown reason these subdivision maps and plats showed Alvernon to be 60 feet in width instead of 80 feet in width and did not show an encroachment in any way upon the lots in question. Relying on the subdivision plats, the landowners built their homes in such a manner that, if the City prevails in this case, the right-of-way line will run right through their houses.

The facts also show that prior to this action the city included the appellees' land in two improvement districts and collected from the landowners over the years approximately $60,000.00 against the property in question. From 1935 to 1962, taxes were assessed on the full subdivision lots, including the land which the City now claims that it owns.

The City also issued at least two building permits which allowed the landowners to make improvements in the land the City now claims.

The appellees, among other defenses, relied on estoppel as a defense to this action and the trial court ruled in favor of the appellees on the estoppel theory.

The City vigorously maintains that estoppel will not work against a municipal corporation. However, we do not find it necessary to decide whether the circumstances in this case create an estoppel since there are other cogent reasons for affirming the trial court.

Under the Arizona Constitution, Article 2, Section 17, A.R.S., the landowner is entitled to just compensation before his property can be taken or damaged for public use. The County in this case proceeded under § 5057 of the Revised Statutes for Arizona, 1913, Civil Code. At no time has the city or county exercised any dominion over the property in question. This procedure, whereby the Board of Supervisors condemns the property and assesses damages, was declared unconstitutional since it violated the above provision of the Constitution which states that compensation "shall be ascertained by a jury" (unless waived) as in other civil cases "in courts of record, in the manner prescribed by law." McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537 (1957).

Appellant argues that the *McCune* case and the case of Pima County v. Cappony, 83 Ariz. 348, 321 P.2d 1015 (1958) stand for the proposition that the resolution of the Board of Supervisors and the filing of the road map "establishes" the highway and therefore passes title to the county. This view is erroneous for two reasons. First, the law is now and was in 1926 that title does not vest in the county until a final order of condemnation is made and a copy thereof filed with the county recorder. State ex rel. Morrison v. Helm, 86 Ariz. 275, 345 P.2d 202 (1959); A.R.S., Civil Code, § 3092 (1913). Furthermore, to read *McCune* and *Cappony* in the manner advocated by the appellant is to violate Article 2, Section 17, of the Arizona Constitution which provides in part:

" * * * No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court for the owner * * *."

The situation in this case is analogous to that in the case of City of Tucson v. Melnykovich, 10 Ariz.App. 145, 457 P.2d 307 (1969) wherein we held that the mere passing of a resolution in the filing of a map does not constitute a taking and does not cause any interference with or invasion of the land or curtailment of its use. See also Weintraub v. Flood Control District of Maricopa County, 104 Ariz. 566, 456 P.2d

936 (1969); Schock v. Jacka, 105 Ariz. 131, 460 P.2d 185 (1969).

The appellant argues that this court is bound by the findings of fact made by the trial judge. In particular the appellant points to the following findings:

"1. That Alvernon Way between Speedway and Broadway was properly dedicated and established in accordance with § 5057 et seq. (1913 Civil Code) now A.R.S. § 18–204 in 1926.

\* \* \* \* \* \*

4. That any claim that compensation for any portion of the road as shown on road map #109 has been waived and barred by the statute of limitations."

We are not bound by findings that are clearly erroneous. Finding #1 is clearly erroneous in holding that there was a "dedication". "Dedication" is the intentional appropriation of land by the owner to some proper public use. City of Phoenix v. Landrum and Mills Realty Co., 71 Ariz. 382, 227 P.2d 1011 (1951). There is no evidence that the landowners dedicated an 80-foot right-of-way on Alvernon to Pima County.

As to Finding #4 it is also clearly erroneous since the resolution and filing of the road map constitutes only a cloud on the title and a cause of action to quiet title for the removal of the cloud on title is a continuous one and never barred by limitations while the cloud exists. City of Tucson v. Melnykovich, supra; 54 C.J.S. Limitations of Actions § 124.

Furthermore, if the trial court based its ruling upon the wrong reasons but was correct in its ruling for any reason, the appellate court is bound to affirm. Arnold v. Knettle, 10 Ariz.App. 509, 460 P.2d 45 (1969).

Appellant also contends that the curative act of 1927, now A.R.S. § 18–152, establishes its title to the land in question. The pertinent portions of this statute are as follows:

"A. All highways constructed, laid out, opened or established prior to August 12, 1927 as public highways by the territory or state, or by a board of supervisors or legal subdivision of the state, and which have been used continuously by the public as thoroughfares for free travel and passage for two years or more, regardless of any error, defect or omission in the proceeding to establish the highways, or in recording of the proceedings, and all highways established pursuant to law, are declared public highways sixty-six feet wide, unless the width thereof is otherwise specified."

We believe that the effect of this statute is no greater than the filing of a resolution and recording of a map or plat. To interpret this statute as giving title to the land in question would be to violate the constitutional provisions for the taking and damaging of private property for the same reasons as set forth in the *McCune* case.

Affirmed.

HATHAWAY and KRUCKER, JJ., concur.