500 P.2d 905

Terrell WITT, Appellant,

v.

STATE of Arizona, ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 1236.

Court of Appeals of Arizona, Division 2.

Sept. 12, 1972.

Terrell Witt, in pro per.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, and James P. F. Egbert, Certified Third Year Law Student under Rule 28(e), for appellee.

KRUCKER, Chief Judge.

A summary denial of appellant's petition for a writ of habeas corpus is the

subject of this appeal. We do not concern ourselves with the question of whether habeas corpus was the appropriate vehicle for seeking the requested relief since the courts of this State look to substance rather than to form. State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court, 12 Ariz.App. 77, 467 P.2d 917 (1970), supplemental opinion, 12 Ariz.App. 228, 469 P.2d 120.

The facts alleged in the petition filed below are as follows. On two separate occasions the petitioner requested the Board of Pardons and Paroles to place him on parole. He was heard on both occasions and at the conclusion of the hearings was given written notice of denial of parole. He claimed that he was denied due process of law in that the Board did not permit him or afford him an opportunity to examine his file and failed to state its reason for denying parole. On appeal it is contended that the summary denial of the petition was error.

■■ We find no error in the lower court's summary disposition since no hearing is required when the petition, on its face, shows that the petitioner, as a matter of law, is not entitled to relief. Landers v. State ex rel. Eyman, 7 Ariz.App. 197, 437 P.2d 681 (1969); Hunt v. Eyman, 429 F.2d 1318 (9th Cir. 1970). Parole is a matter of grace and not of right. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968); State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court, supra.

■ We are of the opinion that the parole board is not required to disclose its reasons for denial of parole. Williams v. United States, 327 F.Supp. 986 (D.C.N.Y. 1971); Madden v. New Jersey State Parole Board, 438 F.2d 1189 (3d Cir. 1971); Mastriana v. New Jersey Parole Board, 95 N.J.Super. 351, 231 A.2d 236 (1967);[1]

---

1. In the 1971 decision of Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193 (1971), the New Jersey Supreme Court declared invalid a state parole board rule that it would not reveal the basis for denial of parole either in the notice of denial or otherwise. The court

Curtis v. Bennett, 256 Iowa 1164, 131 N. W.2d 1 (1964), cert. denied, 380 U.S. 958, 85 S.Ct. 1096, 13 L.Ed.2d 974. The lower court was clearly correct in declining to interfere with prison administration.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

expressed the view that not only would the furnishing of reasons for denial provide the requisite fairness but it would further the goal of rehabilitation. We do not believe that this case is apposite since it dealt with a rule which prescribed a general policy.