505 P.2d 1044

**The STATE of Arizona, Appellee,**

v.

**Gary Lee McGINNES, Appellant.**

**No. 2 CA–CR 309.**

Court of Appeals of Arizona,
Division 2.

Feb. 1, 1973.

Rehearing Denied March 6, 1973.
Review Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ed Bolding, Pima County Public Defender, by Richard Van Duizend, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Judge.

This is an appeal from a conviction of attempted burglary and a sentence imposed thereon of two and one half to three years in the Arizona State Prison.

The facts are as follows. Defendant was arrested in Pima County on a charge of burglary, first degree, on January 20, 1972. A preliminary hearing was set for January 28, 1972, but the case was dismissed by the magistrate because of lack of witnesses, and the defendant moved to the State of Washington. The case was refiled, and on February 22, 1972, a Pima County Grand Jury returned an indictment charging the defendant with attempted burglary, first degree. Defendant's whereabouts were unknown and a bench warrant was issued because of his failure to appear for the arraignment. On March 18, 1972, defendant was arrested in Washington on a fugitive warrant and he declined to waive extradition. The Governor of Arizona forwarded an extradition request to the Governor of Washington who then issued an extradition warrant on April 10, 1972. On April 21, 1972, a writ of habeas corpus was granted to allow the defendant a reasonable time to challenge the validity of the extradition warrant. No challenge was filed and the defendant was turned over to the Pima County Sheriff's office and arrived in Pima County on May 14, 1972. He was arraigned on June 20, 1972.

At the arraignment it was ordered that the defendant, while represented by counsel, had to file within ten days any motions directed toward the indictment. No such motions were entered. Prior to entering his plea, the defendant was fully advised of his constitutional rights, including his right to a speedy trial.

On July 12, 1972, pursuant to a plea bargain (wherein other pending charges were dismissed and the county attorney agreed to not allege a prior conviction), the defendant plead guilty and was duly sentenced as heretofore stated. He was given credit for five months spent in jail prior to sentencing.

Defendant contends that because he had no opportunity before his arraignment, five weeks after his arrest, to learn of the charges against him, to have an Arizona attorney, to have bail set, and because he could not receive "two for one time credit" in the Arizona State Prison under A.R.S. § 31–252, he was deprived of his Sixth Amendment right to a speedy trial.

Whether a speedy trial has been denied will vary with the facts of each case. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Hoffman, 78 Ariz. 319, 279 P.2d 898

(1955). While we would ordinarily engage in a balancing of the factors set forth in *Barker,* supra, in determining whether a defendant has been deprived of his right to a speedy trial, we find it unnecessary to do so in the instant case. Defendant, by entering a plea of guilty to the charge, thereby waived any question regarding his right to a speedy trial. State v. Rhodes, 104 Ariz. 451, 454 P.2d 993 (1969); State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966); Landers v. State, 7 Ariz.App. 197, 437 P.2d 681 (1968).

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.