515 P.2d 39

**Wayne SEYMOUR, Appellant,**

**v.**

**The STATE of Arizona, Appellee.**

**No. 2 CA–CIV 1455.**

Court of Appeals of Arizona, Division 2.

Oct. 25, 1973.

William Craig Haus, Apache Junction, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., and Frank Leto, Third Year Law Student Under Rule 28(e), Tucson, for appellee.

## OPINION

KRUCKER, Judge.

This appeal arises from a denial of appellant's petition for writ of habeas corpus. On appeal, appellant raises three questions for review:

1. Did the State of Michigan fail to comply with the Agreement on Detainers, A.R.S. § 31–481, Art. III?

2. Did the State of Michigan deny appellant a speedy trial?

3. Should appellant have had counsel at a Governor's extradition hearing?

The facts giving rise to this appeal are as follows. On November 27, 1971, one

Bill Bradley and appellant were arrested in the State of Indiana. Both Bradley and appellant were on parole from Arizona. On December 2, 1971, while in custody of the Indiana authorities, they were advised that a warrant for their arrest was issued by Michigan authorities on November 27, 1971. In a letter dated December 5, 1971, Bradley wrote to the Michigan State Police stating that he would like to come to Michigan to get that matter taken care of before he was returned to Arizona.

On March 22, 1972, both Bradley and appellant were extradited to Arizona on a parole violation and were returned to the Arizona State Prison. In April of 1972, Bradley corresponded with Michigan authorities concerning his detainer. Except for mention of appellant in Bradley's letters, the record shows no such communication by appellant Seymour.

On July 5, 1972, the Governor of Arizona granted extradition of Bradley and appellant to Michigan. They petitioned for a writ of habeas corpus on July 20, 1972, contending unlawful detainer in violation of A.R.S. § 31–481. The petition was denied July 24, 1972, and a subsequent minute entry stated that the denial applied only to Bradley.

Thereafter, appellant Seymour petitioned for a writ of habeas corpus on January 25, 1973, asking that he be released and not turned over to Michigan authorities. He was released from the Arizona State Prison to the Pinal County Jail until the habeas corpus matter was decided. Hearing on the petition was held February 20, 1973, and it was denied February 23, 1973. Stay of extradition proceedings were ordered on March 2, 1973, pending outcome of this appeal.

Appellant argues that the 180-day time period in Art. III(a) of the Agreement on Detainers, A.R.S. § 31–481, began to run when Bill Bradley wrote to the Michigan authorities on December 5, 1971. He, therefore, contends that the 180-day time period has run and he should be released from custody. Appellant must have read

A.R.S. § 31–481, Art. III, with jaundiced eye. The requirements and procedures to be followed are clearly set forth in the statute.

■ We find appellant not illegally detained for several reasons. First, A.R.S. § 31–481, Art. III(a), requires ". . . a person . . . [to have] entered upon a term of imprisonment in a penal or correctional institution of a party state. . . ." There is no indication from the record that appellant Seymour had entered upon a "term of imprisonment" in Indiana. Furthermore, Indiana is not a "party state" to the Agreement on Detainers.

Second, Art. III(a) of A.R.S. § 31–481 requires a person to:

". . . have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. . . . The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."

■ On or about March 22, 1972, appellant was returned to the Arizona State Prison. Upon being imprisoned there, he could have invoked the provisions of A.R.S. § 31–481 by delivery of written notice and a certificate. He has not done so.

■ Appellant's next argument is that the State of Michigan has denied him the right to a speedy trial. This court, in Atkins v. State, 15 Ariz.App. 364, 488 P.2d 1001 (1971), held that such question, where a detainer is attacked, should be determined in the demanding state. Therefore, appellant should raise the issue in Michigan, the demanding state.

**14**

Appellant's final argument is that he was denied due process because he was not provided with counsel at his extradition hearing. We find no merit in this contention. It is well settled in Arizona that one is not entitled to have counsel appointed at a Governor's extradition hearing. Application of Oppenheimer, 95 Ariz. 292, 389 P.2d 696 (1964); Powell v. State, 19 Ariz.App. 377, 507 P.2d 989 (1973); Rugg v. Burr, 1 Ariz.App. 280, 402 P.2d 28 (1965).

For the foregoing reasons, we affirm.

HATHAWAY, C. J., and HOWARD, J., concur.