COMMONWEALTH *vs.* WILLIAM L'ITALIEN. June 13, 1975. The defendant brings this case before us on a bill of exceptions pursuant to G. L. c. 278, § 31, arguing that it was error to deny his motion to dismiss the six indictments pending against him. The motion to dismiss was based on the alleged denial of the defendant's right to a speedy trial as provided by the Agreement on Detainers (St. 1965, c. 892),[1] and by the United States (amend. VI; see *Klopfer* v. *North Carolina,* 386 U.S. 213 [1967]) and Massachusetts (art. II of the Declaration of Rights) Constitutions. The chronology of events necessary to our decision is as follows. Four of the indictments were returned on March 12, 1969, and the other two on August 12, 1969. In July of 1972 the defendant was confined in the Marion County Jail, Indianapolis, Indiana, awaiting trial in the United States District Court for the Southern District of Indiana. While so confined the defendant wrote a letter, dated July 24, 1972, to the Clerk of Courts for Middlesex County requesting a speedy trial of all matters pending against him in Middlesex County. The defendant also notified the warden of the holding institution of his desire for a speedy trial of the pending Massachusetts charges, although it is not stated in the record at what time he did so. On September 10, 1972, the defendant was sentenced by the Federal Court to serve a term at the Federal penitentiary at Terre Haute, Indiana. Having been transferred to Massachusetts for trial, the defendant, following the denial of his motion to dismiss, entered guilty pleas on all six indictments on March 2, 1973. Although the point has not been decided in Massachusetts, the overwhelming weight of authority holds that a valid plea of guilty constitutes a waiver of a defendant's claim that he was denied his right to a speedy trial. See *United States* v. *Doyle,* 348 F. 2d 715, 718-719 (2nd Cir.), cert. den. sub nom. *Doyle* v. *United States,* 382 U.S. 843 (1965); *Fowler* v. *United States,* 391 F. 2d 276, 277 (5th Cir. 1968); *Becker* v. *Nebraska,* 435 F. 2d 157 (8th Cir. 1970) cert. den. 402 U.S. 981 (1971); anno. 57 A. L. R. 2d 302, § 13 (1958, and later case service, 1967, pp. 150-151, 1975, p. 65), and cases cited. However, we need not rely on the ground of waiver, since the defendant's underlying claims are totally without merit. Even if the defendant's July 24, 1972, letter to the Clerk of Courts for Middlesex County and his communication to the warden of his desire for a speedy trial constitute adequate notice for the purposes of the Agreement on Detainers, see Article III (c), the defendant's guilty pleas on March 2, 1973, were within 180 days of September 10, 1972, when he was sentenced by the Federal authorities and thereby "entered upon a term

---

[1] The United States is also a signatory to this compact. 18 U. S. C. Appendix (84 Stat. 1397-1403 [1970]).

of imprisonment" as required by Article III (a). See *Seymour* v. *State*, 21 Ariz. App. 12, 13 (1973). On this record the defendant has failed to meet his burden of demonstrating prejudicial delay sufficient to warrant dismissal on the basis of a denial of his constitutional rights to a speedy trial. See *Commonwealth* v. *Gove*, 366 Mass. 351, 356 n. 6, and 365 (1974). See also *Smith* v. *Hooey*, 393 U.S. 374 (1969); *Dickey* v. *Florida*, 398 U.S. 30 (1970); *Barker* v. *Wingo*, 407 U.S. 514 (1972).

*Exceptions overruled.*

The case was submitted on briefs.

*Daniel F. Toomey* for the defendant.

*John J. Droney*, District Attorney, *Terence M. Troyer & Bonnie H. MacLeod-Griffin*, Assistant District Attorneys, for the Commonwealth.