591 P.2d 72

**GERONIMO HOTEL, INC., an Arizona Corporation, Plaintiff/Appellee,**

v.

**The CITY OF TUCSON, a municipal corporation, Defendant/Appellant.**

No. 2 CA–CIV 2952.

Court of Appeals of Arizona, Division 2.

Dec. 5, 1978.

Rehearing Denied Jan. 10, 1979.

Review Denied Feb. 6, 1979.

Stubbs & Townsdin, P. C. by Charles L. Townsdin, Jr., Tucson, for plaintiff/appellee.

Frederick S. Dean, City Atty. by William E. Hildebrandt, Asst. City Atty., Tucson, for defendant/appellant.

## OPINION

RICHMOND, Chief Judge.

The City of Tucson appeals from a judgment quieting title in the plaintiff corporation to a strip of land 10 feet wide and 75 feet long that was paved by the city in 1974 when it widened and improved the public highway known as Swan Road.

Other defendants were Pima County and the plaintiff's predecessors in interest in the adjoining lot. The plaintiff was awarded judgment as against each of them, either by default or because they claimed no interest in the land. Awaiting the determination of this appeal is a pending count for damages in inverse eminent domain against the city only, to compensate for the taking of the strip.

The plaintiff's claim to quiet title is based solely on adverse possession. Only the city has appealed from the judgment. Inasmuch as the city never acquired title to the strip, we affirm.

In 1949, the Pima County Board of Supervisors purported to acquire the strip pursuant to A.C.A.1939 § 59–601, the road establishment statute. At that time the owners of the lot including the strip were Ralph J. Christensen and Pearl L. Christensen, husband and wife. Title to the lot was transferred several times thereafter, the last time to plaintiff in 1959. Each conveyance was by deed in which there was an express exception of "that portion . . . lying within widened Swan Road as shown by [the road map recorded pursuant to the action of the board of supervisors]." By annexation of the area in 1955, the city succeeded to whatever interest the county had acquired.

The provisions of § 59–601 have been the subject of a line of cases beginning with *McCune v. City of Phoenix*, 83 Ariz. 98, 317 P.2d 537 (1957), in which the supreme court held unconstitutional so much of the statute as permitted the fixing of compensation by the board of supervisors for land taken or damaged, but upheld as separable from the offensive portions those provisions for the establishment, alteration and abandonment of roads. The holding was confirmed in *Pima County v. Cappony*, 83 Ariz. 348, 321 P.2d 1015 (1958).

In *City of Tucson v. Melnykovich*, 10 Ariz.App. 145, 457 P.2d 307 (1969), it was argued that the "establishment" permitted by *McCune* entails the simultaneous passage of title, but the case was decided on another point. Subsequently, however, in *City of Tucson v. Morgan*, 13 Ariz.App. 193, 475 P.2d 285 (1970), this court held that such an interpretation of *McCune* and *Cappony* clearly violated Article 2, Section 17 of the Arizona Constitution, which provides in part:

> * * * No private property shall be taken or damaged for public or private use without just compensation having first been made, or paid into court for the owner * * *.

The city argues that *Morgan* was a departure from *McCune*, and should not be applied retroactively. From this, it contends plaintiff's adverse possession as to its predecessors could not have extended for the 10-year statutory period of A.R.S. § 12–526[1] because their cause of action for recovery of the strip was a 1970 creation of *Morgan*. We do not agree.

■ For one thing, the resolution of the board of supervisors in *McCune* did not include an order condemning any property or awarding compensation. The court reasoned that the board may have expected to resort to a condemnation action to acquire the property in the proper exercise of the

1. A.R.S. § 12–526:

A. A person who has a cause of action for recovery of any lands, tenements or hereditaments from a person having peaceable and adverse possession thereof, cultivating, using

and enjoying such property, shall commence an action therefor within ten years after the cause of action accrues, and not afterward.

* * * * * *

power of eminent domain. In contrast, the resolution here expressly purported to "condemn and appropriate to the public use" the land in question, and provided that no award of compensation or for damages be made because "the benefits to be derived . . . . exceed any damages." As such, it failed to pass constitutional muster under the 1957 decision in *McCune* as well as *Morgan.*

Also, *McCune* did not deal with a question of title in the roadway but only of boundary definition. Contrary to the city's interpretation, the supreme court invoked the identical constitutional provision raised by this court in *Morgan* and expressly stated that title could be acquired by appropriate condemnation action. It follows that in the absence of any such procedure here, the plaintiff's predecessors retained title to the strip, and with it a cause of action from at least 1957, when *McCune* was decided, "for recovery of any lands, tenements or hereditaments from a person having peaceable and adverse possession thereof . . . ." A.R.S. § 12–526.

This does not exhaust the city's arguments, however. Inasmuch as *McCune* did not preclude establishment or alteration of a public road under § 59–601, and *Morgan* did not deal with that question as distinct from the passage of title to the county, the city contends the action of the board of supervisors at least "established" the strip as a portion of a public roadway, and that private parties cannot acquire title to a public roadway by adverse possession. *Drane v. Avery,* 72 Ariz. 100, 231 P.2d 444 (1951). Surely the latter rule does not preclude one private party from acquiring the title of another. Again, as in *Morgan,* the city urges an interpretation of *McCune* that would violate Article 2, Section 17. In the absence of passage of title to the public, there was no public roadway immune from adverse possession. The resolution at most constituted a planning or plotting of the roadway, subject to a later taking. *Cf. City v. Melnykovich,* supra.

Finally, the city challenges the sufficiency of the evidence to sustain the judgment as against the Christensens, whose default had been entered. Without addressing the question of whether the city has standing to raise the issue, we disagree. The trial court's findings and conclusions were supported by undisputed testimony of various improvements to, and continuous use of the strip as a parking area for rental units on the adjacent lot from a date shortly after plaintiff acquired the property and for well over the statutory period. Such improvements and use were made under the mistaken belief that the strip was part of the parcel acquired by deed. A claim of right based on a mistake as to the true boundary line is sufficient to support title by adverse possession. *Trevillian v. Rais,* 40 Ariz. 42, 9 P.2d 402 (1932).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.