# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* GERALD BAKER. No. 92-P-957. January 28, 1994. *Practice, Criminal,* Plea, Detainer, Speedy trial, Assistance of counsel. *Constitutional Law,* Plea, Assistance of counsel. *Interstate Agreement on Detainers.*

On October 24, 1990, one day after the 180 days within which the defendant was entitled to be tried under Art. III of the Interstate Agreement on Detainers Act, St. 1965, c. 892 (Act), the defendant filed a motion to dismiss the charges against him. The motion was denied and, on the next day, October 25, 1990, the defendant pleaded guilty to three counts of armed robbery while masked. This appeal is from the denial of his motion, filed on May 4, 1992, to retract his guilty plea and for a new trial.

The grounds for his motion were that the Act was violated because he was not brought to trial within 180 days, that his counsel was ineffective, and that his guilty pleas were not voluntary.[1] We affirm the denial of his motion.

The Commonwealth, citing *Commonwealth* v. *Fanelli,* 412 Mass. 497, 500-501 (1992), argues that by pleading guilty, the defendant waived the claim of a violation of the Act. Although a valid plea of guilty constitutes a waiver of a defendant's claim that he was denied his right to a speedy trial, see *Commonwealth* v. *L'Italien,* 3 Mass. App. Ct. 763 (1975), we need not rely on the ground of waiver. Because of the periods of exclusion permitted by the Act,[2] the 180-day statutory period had not expired on October 25, 1990, when the defendant's guilty plea was accepted.

Although there may be other periods of exclusion, as contended by the Commonwealth, we need discuss only one as, at most, only two days in excess of the 180-day period are at issue (the Commonwealth and the defendant being in agreement that the 180-day period expired on October 23, 1990). The defendant was arraigned on August 27, 1990, and a pre-

---

[1] Although the defendant did not argue in his brief that the guilty pleas were involuntary and hence waived that contention, after hearing his oral argument via telephone conference, we called for and examined the transcript of the plea colloquy. The plea colloquy met legal requirements, and there is nothing contained in the transcript of the plea proceedings to support the claim that the plea was involuntary.

[2] Article III (a) contains the following proviso: "provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

trial conference was scheduled for September 14, 1990, but was not held until September 21. The case was continued by agreement to September 26 for motions. On September 26, the defendant filed an additional motion, and the case was continued to October 2, 1990, by agreement for a status report.

The defendant argues that none of these periods should be excluded. He points to Mass.R.Crim.P. 13(d)(2)(A), 378 Mass. 873-874 (1979), which allows the filing of motions within seven days after the date for the filing of the pretrial conference report, and claims that the time taken by the court to hear and rule on the motions should be included in the 180 days. Without passing on whether any of the periods prior to September 28 (seven days after the pretrial conference) should be excluded, we consider the days between September 28 and October 2 to be excluded. The orderly administration of justice required that the motions be heard and determined before trial. See *Commonwealth* v. *Fasano*, 6 Mass. App. Ct. 325, 334 (1978). While the first seven days after the pretrial conference report has been held not to toll the 180-day period, if motions are filed within that period, *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. 977, 979 (1988), such additional time as is necessary to secure a judicial resolution of the motions, here until October 2, is a "necessary or reasonable continuance" which tolls the period. See *ibid.*; *United States* v. *Scheer*, 729 F.2d 164, 168 (2d Cir. 1984); *United States* v. *Roy*, 771 F.2d 54, 59 (2d Cir.), cert. denied, 475 U.S. 1110 (1985). "[C]ourts need not 'decide defense motions immediately upon filing on pain of dismissal of the indictment for delay.'" *United States* v. *Scheer, supra* at 168, quoting from *Foran* v. *Metz*, 463 F. Supp. 1088, 1097-98 (S.D.N.Y.), aff'd, 603 F.2d 212 (2d Cir.), cert. denied, 444 U.S. 830 (1979).

The defendant also claims that he did not seek the continuance to October 2. As we have indicated, a reasonable time to act on motions (except for seven days after the pretrial conference) tolls the period even if a continuance is not requested. Moreover, continuances to which the defendant agrees or acquiesces are not included in the calculations of the time limits of the rule. *Commonwealth* v. *Corbin*, 25 Mass. App. Ct. at 980. Cf. *Barry* v. *Commonwealth*, 390 Mass. 285, 295 (1983).

The defendant's claims that counsel was ineffective do not meet the requirements of *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), and are totally without merit.

> *Order denying motion to withdraw guilty plea and for a new trial affirmed.*

*Gerald Baker*, pro se.
*John E. Bradley*, Assistant District Attorney, for the Commonwealth.