FREDERICK A. FAAS, PLAINTIFF-APPELLANT, v. HOMER C. ZINK, CHAIRMAN STATE PAROLE BOARD, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued July 15, 1957—Decided July 30, 1957.

Before Judges HUGHES, COOLAHAN and PRICE.

*Mr. Everett T. Denning* argued the cause for the plaintiff-appellant.

*Mr. Eugene T. Urbaniak,* Deputy Attorney-General, argued the cause for defendant-respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney).

COOLAHAN, J. S. C. (temporarily assigned). This is an appeal from an order of the Superior Court, Essex County, which denied certain relief sought by plaintiff-appellant, Frederick A. Faas, an inmate of New Jersey State Prison at Trenton. Faas was sentenced on April 6, 1949 to two consecutive terms of 10 to 12 years. These sentences were regarded as one by the Parole Board and in effect were considered as one sentence having a maximum term of 24 years and a minimum term of 20 years. The order under review dismissed Faas' application for a declaration by the trial court that he was entitled to automatic parole at the expiration of the minimum of the first sentence and at that time began to serve the minimum of the second sentence.

█ The State does not dispute Faas' claim that his consecutive sentences were improperly aggregated by the Parole Board. This concession by the State is in consonance with the holding in *In re Fitzpatrick,* 9 *N. J. Super.* 511

(*Cty. Ct.* 1950), affirmed 14 *N. J. Super.* 213 (*App. Div.* 1951), wherein the court declared such aggregation improper.

The record discloses that Faas originally protested the aggregation of his sentences directly to the Parole Board. The Parole Board in turn advised him by letter that the sentences would not be so considered. He was further advised that thereafter he would be considered for parole on individual sentence basis in accordance with the provisions of *N. J. S. A.* 30:4–123.17.

The plaintiff-appellant Faas now contends before this court that he had a constitutional and statutory right to be considered for parole by the Board on his first sentence in accordance with *N. J. S. A.* 30:4–123.10. The pertinent portion of such statute reads as follows:

"No inmate of a penal or correctional institution serving a sentence for a fixed minimum and maximum term shall be eligible for consideration for release on parole until he has served his minimum sentence or 1/3 of his fixed maximum sentence, less, in each instance, commutation time therefrom for good behavior and for diligent application to work assignments whichever occurs sooner * * *."

In other words, claim is made by Faas that he was eligible for parole consideration on his first sentence when he had completed one-third of his maximum less commutation time, to wit, some time in July 1952. While consideration for parole is a right fixed by statute, *N. J. S. A.* 30:4–123.17, the granting or withholding of parole is a function reposing exclusively in the Parole Board, and there is no such thing as a "judicial parole."

Parole is a favor granted by the State and the Board may attach to it such conditions, in deciding who is eligible for consideration for release, as it may deem proper.

In *Zink v. Lear,* 28 *N. J. Super.* 515 (*App. Div.* 1953), it was held that parole presents a question of statutory construction and no constitutional right is involved. *Fleming v. Tate,* 81 *U. S. App. D. C.* 205, 156 *F. 2d* 848–849 (*D. C. Ct. App.* 1946). The court further held that parole is a matter of legislative grace and not a thing of right. *Mahoney v. Parole Board of New Jersey,* 10 *N. J.* 269, 279 (1952),

and held also, that when sentence is imposed upon a defendant, there is no constitutional guaranty that provisions regarding parole will remain constant.

■ It has been urged also that the Parole Board's failure to parole the plaintiff-appellant in 1952 was illegal and arbitrary. We find no merit in such contention nor any proof of illegal or arbitrary action or abuse of discretion on the part of the Board.

■ The basic contention of the plaintiff-appellant is that he was entitled to parole consideration upon the service of the minimum of his first consecutive sentence and that the court should at this time declare that he was entitled to such parole and that he, in effect, began to serve the minimum of his next consecutive sentence. This contention has been fully explored by our courts. *In re Domako,* 9 *N. J.* 443 (1952), and *In re Clover,* 34 *N. J. Super.* 181 (*App. Div.* 1955). The courts in those cases held that the grant or denial of parole rests within the proper judgment of a Parole Board and is in no sense a judicial function, nor does this court have the authority to declare that a retroactive parole became established in 1952.

It would appear that plaintiff-appellant's sole recourse, if any, would be further application to the Parole Board for retroactive parole consideration. This is a matter resting entirely within the discretion of that Board and it undoubtedly possesses such authority. *In re Domako, supra.*

The action of the court below is affirmed.