FREDERICK A. FAAS, PLAINTIFF-APPELLANT, v. HOMER C. ZINK, CHAIRMAN STATE PAROLE BOARD, DEFENDANT-RESPONDENT.

Argued December 9, 1957—Decided January 20, 1958.

*Mr. Everett T. Denning* argued the cause for appellant.

*Mr. Eugene T. Urbaniak,* Deputy Attorney-General argued the cause for respondent (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. The facts appear in the opinion of the Appellate Division. 48 *N. J. Super.* 309 (1957).

Following judicial decision that consecutive sentences may not be aggregated by the Parole Board to produce a single sentence, the Legislature adopted a different policy, and with respect to such sentences imposed prior to July 3, 1950 (the sentences here involved were so imposed) it authorized aggregation "with the consent of the prisoner." *N. J. S. A.* 30:4–123.10. We are told the Parole Board by some general method of communication informed prisoners so situated of their choice, pointing out the relative benefits of aggregation. The Board apparently assumed appellant consented to aggregation and hence did not consider him for parole in 1952, when he would first have been eligible for consideration on a consecutive basis. In 1954, appellant complained to the Board, and in response was informed of advantages of aggregation and was advised that a hearing would be granted on the consecutive basis if he so requested. Appellant did not reply and in fact was given a hearing on the combined basis in July 1956. By letter of November 26, 1956, appellant apparently demanded to be considered on a consecutive basis, and the Board replied on December 6, 1956 that he would be so considered at a later date, but left him with an election to have the benefit of aggregation. This litigation followed.

We assume with appellant that he did not consent to aggregation and on that premise he is entitled to a present hearing with respect to whether parole should be granted retroactively on the first sentence. Appellant, however, did not seek that relief below, and when upon oral argument

before us his counsel was asked if appellant desired an order to that effect, counsel replied that appellant does not want that relief. In short, he seeks a judicial determination placing him on parole on the first sentence as of 1952, and nothing else. The result he demands he may not have, *In re Domako*, 9 *N. J.* 443 (1952), *certiorari* denied 343 *U. S.* 987, 72 *S. Ct.* 1085, 96 *L. Ed.* 1374 (1952), and since he disclaims the remedy to which he is entitled (doubtless because he prefers consideration on an aggregated basis rather than to hazard an adverse decision on retroactive consideration of consecutive sentences), the judgment of the Appellate Division is affirmed.

HEHER, J., concurring in result.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS and PROCTOR—6.

*For reversal*—None.