95 N.J. Super. 351 (1967)
231 A.2d 236
LOUIS P. MASTRIANA, APPELLANT,
v.
NEW JERSEY PAROLE BOARD, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1967.
Decided June 21, 1967.
*353 Before Judges CONFORD, FOLEY and LEONARD.
Mr. H. Douglas Stine, assigned counsel, argued the cause for appellant.
*354 Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
This is an appeal by appellant as an indigent pursuant to R.R. 4:88-8(a) from the determination of the State Parole Board (Board) denying him a parole from his present confinement at the State Prison.
Appellant was first received at the prison on May 11, 1964 as a result of two concurrent sentences of 1-3 years imposed by the Morris County Court. On May 22, 1964 five additional sentences aggregating 3-5 years were imposed by the Passaic County Court, to run concurrently with and retroactive to the prior Morris County sentences. On October 25, 1965 two sentences of 1-1 [sic] year were imposed against defendant in Atlantic County, to run consecutively to each other and to all prior sentences. On March 18, 1966 an additional sentence of 1-2 years was imposed by the Union County Court, to be consecutive to all of the previously imposed sentences.
On December 21, 1965 appellant appeared before the Board and parole was denied, but appellant was advised that his case had been scheduled for another hearing in June 1967. On January 26, 1966 he filed a complaint with the Board alleging that the denial of his parole was unfair and based upon prejudice and bias, and he requested that the Board state the reason for the denial. Thereafter appellant was notified by letters from the chairman of the Board and from its counsel that "as a matter of policy" the Board does not give reasons for the denial of parole and that it is not "obligated" to do so.
Appellant filed a notice of appeal on February 28, 1966, and on March 28, 1966 the Board moved to dismiss the appeal on the ground that "the appellant has failed to state a claim upon which relief can be granted." The basis of the motion was that appellant did not set forth any acts committed by the Board which were "unfair, arbitrary, unreasonable or discriminatory; that there was no allegation of facts *355 to support the claim that the Board did not act within the framework of the Parole Statute (N.J.S.A. 30:4-123.1 et seq.) and that the Board was under no legal requirement to advise an inmate why parole was denied." However, by a consent order dated May 3, 1966 all "proceedings in the appeal" were stayed until further order of the court. The purpose of that order was to allow appellant to reappear before the Board for a reconsideration of his previous denial of parole, in light of his preparation of a new parole plan.
On September 27, 1966 appellant appeared before the Board. He at that time had the advice of court-assigned counsel. A hearing was held, his parole plan was reconsidered and the Board again denied parole, scheduling a rehearing in September 1967.
Thereafter appellant pursued his appeal and moved before this court for leave to inspect books, records and documents of the Board and for a more definite statement regarding the denial of his parole; made a demand for interrogatories directed to the chairman and members of the Board, and moved to add the warden of the State Prison, certain State physicians and parole officers and a designated county judge as parties defendant.
We denied the motion to add defendants and we denied appellant's other motions "without prejudice to reconsideration on argument of appeal." The Board's motion to dismiss was also denied on the same basis.
Appellant presently argues that all of his pending motions should be decided in his favor and that we should either exercise original jurisdiction and completely determine the cause or order a remand "directing that the court rules and pertinent statutes be followed and an appropriate record be submitted by respondent." He also urges denial of the Board's motion to dismiss his appeal.
In considering this matter we first note that parole is an act of leniency or grace toward a prisoner. The grant or denial of parole is a matter for the exercise of proper judgment by the paroling authority and is not in any way a judicial *356 function. White v. Parole Board of State of N.J., 17 N.J. Super. 580, 586 (App. Div. 1952); In re Domako, 9 N.J. 443, 445 (1952), certiorari denied Domako v. State of New Jersey, 343 U.S. 987, 72 S.Ct. 1085, 96 L.Ed. 1374 (1952); Faas v. Zink, 48 N.J. Super. 309, 313 (App. Div. 1957), affirmed 25 N.J. 500 (1958). The Legislature may affix such conditions and provide such administration in the field of parole as it will. Courts have no function therein except as the statutes give them power. N.J.S.A. 30:4-123.1 et seq. lodges discretion in the State Parole Board and is silent about court interference. Zink v. Lear, 28 N.J. Super. 515, 525 (App. Div. 1953). Judicial review of an action such as the present one is limited essentially to a determination of whether it was taken within the statutory powers of the parole authority, properly applied. White, supra, 17 N.J. Super., at p. 586.
Appellant argues that the Board, in arriving at its determination to deny his parole, did not follow the statutory requisites. The onus of proof is upon him to affirmatively demonstrate this. See Potts v. Board of Adjustment of Borough of Princeton, 133 N.J.L. 230, 239 (Sup. Ct. 1945); Tully v. Tramburg, 57 N.J. Super. 377, 384 (App. Div. 1959). However, he offers no facts in support of this allegation. The record establishes the contrary, i.e., that the Board did comply with all statutory requirements. Appellant was afforded two separate hearings. At the time of second one he had the benefit of advice by court-appointed counsel. His complaints of alleged improper treatment by prison officials is not relevant to the issues here involved.
Appellant's principal argument is that the Board should be compelled to reveal its reasons for the denial of his parole. He cites no authority mandating such action, and we find none. The statute does not require such revelation. To the contrary, it only requires that if the Board, in its judgment, determines that the prisoner is not to be released on parole, "then it shall notify him of such decision and the date when his case will again be considered." N.J.S.A. 30:4-123.19. *357 This the Board has done. The procedure of the Board "is a matter of state policy exclusively for the State to decide," Mahoney v. Parole Board of New Jersey, 10 N.J. 269, 279 (1952), appeal dismissed 344 U.S. 871, 73 S.Ct. 173, 97 L.Ed. 675 (1952), and we have no authority to act in the premises. Zink v. Lear, supra, 28 N.J. Super., at p. 525. We therefore conclude this argument has no merit.
We consider next appellant's motion to compel the Board to answer interrogatories as to the "factual background" of its decision; to compel the Board to advise him whether or not a stenographic transcript of its hearings was made and if it was to compel the Board to furnish him with the same. We find no statutory requirement for a stenographic transcript of a parole hearing or for the delivery of such a transcript to a prisoner. As we have heretofore indicated, in the absence of such a mandate we lack jurisdiction to order that such record, if it exists, be furnished.
In his demand for interrogatories appellant again seeks the basis of the Board's decision. In view of the determination previously here made on that issue, we conclude that he is not entitled to receive this information before trial by the attempted use of our discovery rules (R.R. 4:23-1 et seq.). Thus, appellant's motion is denied in its entirety.
For the same reason we deny appellant's motion to inspect the Board's "general books, papers, records and documents" and his motion for "a more definite statement * * * regarding his denial of parole."
We consider next appellant's request that we exercise original jurisdiction and determine his right to parole. This is, in actual effect a demand that this court grant parole. We have no authority to so act in the premises. Zink v. Lear, supra, 28 N.J. Super., at p. 525; see In re Fitzpatrick, 9 N.J. Super. 511, 520 (Cty. Ct. 1950), affirmed o.b. 14 N.J. Super. 213 (App. Div. 1951).
We further conclude that the copy of the "record of the proceedings under review" filed by the Board was in full *358 conformity with R.R. 4:88-8(a), and a remand is not required.
We have considered all other points raised by appellant and determine them to be without merit.
Under all the circumstances the Board's motion to dismiss this appeal will be granted.
So ordered.