John MADDEN, Appellant,

v.

**NEW JERSEY STATE PAROLE BOARD.**

No. 19501.

United States Court of Appeals, Third Circuit.

Submitted Feb. 1, 1971.

Decided March 9, 1971.

John Madden, pro se.

Joseph T. Maloney, Deputy Atty. Gen., Trenton, N.J., for appellee.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and HANNUM, District Judge.

OPINION OF THE COURT

PER CURIAM:

Appellant's motion to hear his appeal on his complaint and his briefs in the district court is allowed.

He was tried and convicted in the New Jersey criminal court of assault with an offensive weapon for which he was sentenced to from five to seven years imprisonment; he was also convicted of carrying a firearm in a motor vehicle and sentenced to from one to two years imprisonment; he was also tried and convicted for attempted breaking and entering with intent to steal and was sentenced to from one to three years for that offense. The sentences imposed for the second and third crimes above mentioned were to run concurrently with the sentence for the first above-named offense.

On February 21, 1969, he was before the New Jersey State Parole Board on his application for parole. The application was denied and appellant was scheduled for a rehearing of said application in February 1971. Thereafter, on August 4, 1970, appellant filed this complaint in the United States District Court for the District of New Jersey. He alleges in the complaint that the denial of his application was for "an entirely prejudicial reason and/or reasons." He claims that the action of the Parole Board was contrary to the Fourteenth Amendment to the United States Constitution and violated his civil rights. The Board moved to dismiss the action or for summary judgment. An affidavit was filed by the Chairman of the Board which stated that plaintiff had received a full and fair parole hearing. The matter was heard by the district court and summary judgment was entered in favor of the Board. This appeal followed.

■  Appellant's main argument is that he was not told the reasons for denial of his application. It is settled New Jersey law that the Parole Board is not required to state its reasons for such

denial. Mastriana v. New Jersey Parole Board, 95 N.J.Super. 351, 231 A.2d 236 (App.Div.1967) and cases cited therein.

Actually it has been squarely held in this Circuit quite recently that such a Board is not a person within the language of 42 U.S.C.A. Section 1983. See Simmons v. Maslysnky, 45 F.R.D. 127 (D.C.E.D.Pa.1968). See also Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996 (1954).

We find that appellant was not deprived of any Federal rights whatsoever in the processing of his application for parole. See Colon v. Grieco, 226 F.Supp. 414 (U.S.D.C.N.J.1964). Regarding appellant's state rights, there is nothing to indicate that these were violated. See White v. Parole Board of the State of New Jersey, 17 N.J.Super. 580, 586, 86 A.2d 422 (App.Div.1952); In re Domako, 9 N.J. 443, 445, 88 A.2d 606 (1952), cert. den. 343 U.S. 987, 72 S.Ct. 1085, 96 L.Ed. 1374 (1952); N.J.S.A. 30:4-123.1; Zink v. Lear, 28 N.J.Super. 515, 525, 101 A.2d 72 (App.Div.1953); Gurczynski v. Yeager, 339 F.2d 884 (3 Cir. 1964); Ford v. Bd. of Mgrs. of New Jersey State Prison, 407 F.2d 937 (3 Cir. 1969).

The judgment of the district court will be affirmed.