George MOSLEY, Appellant,

v.

Harold J. ASHBY, as former Chairman of New Jersey State Parole Board, Individually, et al.

No. 71–1433.

United States Court of Appeals, Third Circuit.

Submitted April 3, 1972.

Decided May 11, 1972.

George Mosley, pro se.

George F. Kugler, Jr., Joseph T. Maloney, Trenton, N. J., for appellees.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and McCUNE, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff, a state prisoner, filed a complaint under the Civil Rights Act and the Federal Question Statute seeking a parole and damages from members of the New Jersey Parole Board. He alleged that in denying him a parole, the Board members violated his Constitutional rights by not advising him of the reasons for their action. The district court granted defendants summary judgment and plaintiff appeals.

At the time the Board acted, the New Jersey case law did not require the Board to state its reasons for a denial. Mastriana v. New Jersey Parole Board, 95 N.J.Super. 351, 231 A.2d 236 (App.Div.1967). This Court has held that the absence of such a requirement does not constitute a Constitutional violation. Madden v. New Jersey State Parole Board, 438 F.2d 1189 (3rd Cir. 1971). In these circumstances we are therefore satisfied that the plaintiff's complaint failed to state a claim under the Civil Rights Act.

We are advised that plaintiff was recently granted a parole. Furthermore, since the district court decision, the New Jersey Supreme Court has ruled as a matter of New Jersey law that its Parole Board must give reasons when it denies a parole. Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193 (1971). Thus, to the extent the complaint may seek other relief, it is moot.

The judgment of the district court will be affirmed.