**Dennis W. BARRADALE**

v.

**UNITED STATES BOARD OF PAROLES AND PARDONS.**

**Civ. No. 72-540.**

United States District Court,
M. D. Pennsylvania.
March 30, 1973.

Dennis W. Barradale, pro se.

S. John Cottone, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Plaintiff, a federal prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, has filed this action challenging, on constitutional grounds, the procedures employed by the defendant, United States Board of Parole, in denying him his·immediate release on parole. The petition was originally filed in the United States District Court for the District of Columbia; however, pursuant to 28 U.S.C. § 1404(a), it was transferred to this district. Permission to proceed in forma pauperis has been granted and defendant has answered, moving to dismiss the complaint on the grounds that it fails to state a claim upon which relief can be granted.

Plaintiff alleges that he was denied parole on or about May 9, 1972 and that during his parole hearing he was deprived of his constitutional rights in that (1) no reasons were given for the denial, (2) in view of his clear institutional record, he was entitled to parole as a matter of right, (3) he was not informed of the nature and cause of accusations against him, and (4) he was not allowed to confront his accusers or to have compulsory process for obtaining favorable witnesses. Each of plaintiff's contentions have previously been presented to courts in this and other circuits and, with almost complete unanimity, have been rejected. *See e. g.* Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970), cert. denied 400 U.S. 1023, 91 S. Ct. 588, 27 L.Ed.2d 635 (1971); Dorado v. Kerr, 454 F.2d 892 (9th Cir. 1972); Buchanan v. Clark, 446 F.2d 1379 (5th Cir. 1972); Tarlton v. Clark, 441 F.2d 384 (5th Cir.), cert. denied 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971); Ott v. Ciccone, 326 F.Supp. 609 (W.D. Mo.1970); Pino v. United States Board

of Parole, Civil No. 72–587 (M.D.Pa. 1973). *See also* Madden v. New Jersey State Board of Parole, 438 F.2d 1189 (3d Cir. 1971); Mosley v. Ashby, 459 F.2d 477 (3d Cir. 1972); Vigneri v. United States Board of Parole, Civ. No. 72–596 (M.D.Pa.1973). *But see* Monks v. New Jersey State Parole Board, 58 N.J. 238, 277 A.2d 193 (1971). Consequently, each issue will be dealt with *seriatim.*

■ It is well settled that under 18 U.S.C. § 4203 the determination of eligibility for parole is wholly within the discretion of the Parole Board. United States v. Frederick, 405 F.2d 129 (3d Cir. 1968). The courts are without power to grant a parole or to determine judicially eligibility for parole. Thompkins v. United States, 427 F.2d 222 (5th Cir. 1970). Moreover, absent an abuse of discretion amounting to the denial of a constitutional right, a court will not review the Parole Board's discretion in denying an application for parole. Ott v. Ciccone, 326 F.Supp. 609, *supra.* Plaintiff here does not allege an abuse of discretion on the part of the parole board; he simply claims that, in view of what he considers a good institutional record, he has a legal right to parole. The cases cited above make it clear that such a claim is wholly without merit and fails to state a claim upon which relief can be granted.

■ A similar result must also obtain as to plaintiff's remaining due process allegations. Regarding plaintiff's demand that the Parole Board be required to give reasons when denying parole, it was held in Madden v. New Jersey State Board of Parole, 438 F.2d 1189, *supra,* and later reaffirmed in Mosley v. Ashby, 459 F.2d 477, *supra,* that the absence of a requirement that a state parole board give reasons for a denial did not amount to a Constitutional deprivation.[1] While I believe the disclosure of the Board's reasons would be the better and fairer practice, in light of the controlling authority in this Circuit to the contrary, I cannot say it is Constitutionally mandated.[2]

■■ Nor is plaintiff entitled to be informed of the "accusations" against him or to confront and cross examine his "accusers" or to have compulsory process for obtaining witnesses in his favor. These rights are usually associated with an adversary-type hearing in which vital issues of fact are to be decided affecting important interests of the litigants. *See e. g.* Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970) (welfare benefits); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (wage garnishment); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (driver's license); Sherbert v. Verner, 374 U.S. 398, 83 S. Ct. 1790, 10 L.Ed.2d 965 (1963) (unemployment compensation). As was pointed out in Menechino v. Oswald, *supra,* 430 F.2d at 407–408, a parole release hearing is not an adversary hearing.

---

1. The disclosure of the reason for denial of parole is specifically proscribed by a Department of Justice Regulation, 28 C.F.R. § 2.16 which provides in part:
   ". . . The hearings described in this section and the preceding section shall not be open to the public, and the records of all such hearings shall be treated as confidential and shall not be open to inspection by the prisoner concerned or any other unauthorized person."

2. It should be noted that the Administrative Conference of the United States recently unanimously approved a recommendation that the United States Board

of Parole make a disclosure of a prisoner's file in connection with parole hearings, except for any information where disclosure is clearly unwarranted, and to issue a statement of reasons why parole was denied. 40 U.S.L.W. 2830, 2831 (June 20, 1972). It should also be noted that subsequent to the filing of this action, the Board of Parole has instituted a pilot test program at Lewisburg in which prisoners who were denied parole will be given a statement of the reasons for the denial. This applies only to parole hearings held on or after November 1, 1972, and will not be applied retroactively.

The Board of Parole is not plaintiff's adversary. There are no charges or accusations lodged against a potential parolee. Nor is the Parole Board necessarily required to resolve disputed issues of fact. The function of the parole board is solely to make an evaluation, based on varied sources of information,[3] as to whether "rehabilitation of the prisoner and the interests of society generally would best be served by permitting him to serve his sentence beyond the confines of prison walls rather than by being continued in physical confinement." Menechino v. Oswald, *supra* at 407–408. Viewed in this light, the nature of a parole release hearing is not such as would require the due process procedures advanced by plaintiff.[4]

Moreover, the interest which plaintiff has in being released on parole is not one which he is presently enjoying. Unlike a parole revocation hearing where one's continued liberty is at stake, *see* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), a prisoner applying for parole has no right to be released until he has served his full term less his good time credits. Whether he will be released on parole prior to the expiration of his sentence is wholly within the discretion of the Board. United States v. Frederick, 405 F.2d 129, *supra.* 18 U.S.C. §§ 4202, 4203. A government threat to an *existing* private interest is a fundamental condition to due process protections. *See* Dorado v. Kerr, 454 F.2d 892, *supra.* Such an interest being absent here, I conclude that plaintiff has not been denied any of his federal constitutional rights. *See* Dorado v. Kerr, 454 F.2d

892, *supra*; Menechino v. Oswald, *supra*; Ott v. Ciccone, 326 F.Supp. 609, *supra.* Accordingly, the complaint will be dismissed.

---

3. For example, among other things a parole board may consider an inmate's family background, marital status, past criminal record, adjustment in prison, employment history, psychological make-up and associations. Lewis, Due Process in Parole-Release Decision, 60 Calif.L. Rev. 1518 (1972).

4. This is not to say that parole release proceedings are wholly exempt from any due process requirements; but rather only that after balancing plaintiff's interest in being released on parole against the government's need for summary adjudication, he is not entitled to the particular procedures advanced here. *See* Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, *supra*; Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). *Cf.* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, (1972) *infra.*