**Dr. Joe W. CAMPBELL**

v.

**Charles SLAY, Jr., et al.**

**Civ. A. No. 17942.**

United States District Court, W. D. Louisiana, Alexandria Division.

Oct. 24, 1973.

J. Minos Simon, Lafayette, La., for plaintiff.

Edwin O. Ware, Dist. Atty., Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, La., for defendants.

NAUMAN S. SCOTT, Judge:

We find that it is not necessary to consider plaintiff's Motion For a New

Trial since we find that we have no jurisdiction in this proceeding.

Made defendants in this action are the individual members of the Rapides Parish School Board and the Rapides Parish Superintendent of Schools acting in their official capacity only and not as individuals. The Rapides Parish School Board was not made a party.

Plaintiff alleges that he was deprived of his right of freedom of speech secured by the First and Fourteenth Amendments of the Constitution of the United States and, alternatively, that he was deprived of the right of procedural due process under the Fourteenth Amendment. Jurisdiction is alleged under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343(3) and (4).

Plaintiff has alleged that each individual member of the School Board acting in his official capacity, and not the School Board as an entity, has deprived him of his constitutional rights. However, in viewing the entire situation realistically there can be no doubt whatsoever that plaintiff's employment was terminated by the official action of the School Board as a whole and not through any unrelated individual official acts of the members who constitute the Board. Specifically, he alleges in Paragraph 14 of his complaint that ". . . the Rapides Parish School Board, consisting of the defendants herein, terminated his services as principal of Bolton High School, effective August 3, 1971" and that the resolution also employed plaintiff in an advisory capacity for the balance of the month of August 1971. Page 5 of plaintiff's affidavit and the letters attached thereto make it absolutely clear that plaintiff's dismissal and all acts pursuant thereto were actions of the School Board, acting in the only way that any artificial corporate person can act, through its Board members and employees. The alleged cause of action is against the Rapides Parish School Board and the relief prayed for can be had only against the Rapides Parish School Board. Plaintiff prays for injunctive relief against "continuing and maintaining the dismissal of your complainant as principal of Bolton High School and for reinstatement as principal of Bolton High School. Plaintiff, in the alternative, prays for damages and attorney's fees. If these are to be paid "in their official capacity" the funds must be provided by the Rapides Parish School Board.

Since public boards, municipalities and other governmental subdivisions are not natural persons and cannot be made defendants under the provisions of 42 U.S.C. § 1983, this Court is without jurisdiction under 28 U.S.C. § 1343. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Madden v. New Jersey State Parole Board*, 438 F.2d 1189 (3rd Cir. 1971); *Worley v. California Department of Corrections*, 432 F.2d 769 (9th Cir. 1970); *Johnson v. Hackett*, 284 F.Supp. 933 (E.D.Pa.1968). The Fifth Circuit in *Harkless v. Sweeny Independent School District*, 427 F.2d 319 (5th Cir. 1970), carved out an exception to this rule. The Court conceded that no relief at law could be had against a political board or subdivision under 42 U.S.C. § 1983 but that equitable relief, such as reinstatement and back pay, could be granted. However, the United States Supreme Court has now held in *City of Kenosha v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109, 116 (1973), as follows:

"We find nothing in the legislative history discussed in Monroe, or in the language actually used by Congress, to suggest that the generic word "person" in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in Monroe, "Congress did not undertake to bring municipal corporations within the ambit of" § 1983, 365 U.S. at 187, 81 S. Ct. 473, at 484, 5 L.Ed.2d 492, they are outside of its ambit for purposes

of equitable relief as well as for damages. The District Court was therefore wrong in concluding that it had jurisdiction of appellees' complaints under § 1343." (Underlining ours). We find, therefore, that this Court lacks jurisdiction and that plaintiff's suit is dismissed.

This opinion shall constitute the findings of fact, conclusions of law, as well as the judgment in this case.