**DLD-148**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3919
_____

CURTIS THROWER,
                                              Appellant

v.

THE NEW JERSEY STATE PAROLE BOARD;
PAROLE OFFICER FARMER; PAROLE OFFICER MORGAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-01454)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  BARRY, FISHER AND ROTH, Circuit Judges

(Opinion filed: July 20, 2011)
_____

OPINION
_____

PER CURIAM

Curtis Thrower, proceeding pro se, appeals from the District Court's partial

dismissal of his complaint and entry of summary judgment against him.  For the reasons

that follow, we will summarily affirm the judgment of the District Court.

Thrower initiated the instant action in the United States District Court for the District of New Jersey in March 2008. In his complaint, Thrower alleged that Parole Officer Farmer fabricated information regarding several positive drug tests which resulted in the revocation of his parole. He maintained that this was done in retaliation for Thrower's filing of a lawsuit against a former employee of the Essex County Jail, John Ferrante, who Thrower maintained Officer Farmer was friends with or was related to. Thrower also named the New Jersey State Parole Board and Officer Farmer's supervisor, Parole Officer Morgan, as defendants. He maintained that the Parole Board relied on falsified evidence in revoking his parole, and that Officer Morgan was complicit in Officer Farmer's misdeeds.

Reviewing the complaint under 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed Thrower's claims against the Parole Board and Officer Morgan. The Court held that the Parole Board was not a "person" within the meaning of 42 U.S.C. § 1983. See Madden v. N.J. State Parole Bd., 438 F.2d 1189, 1190 (3d Cir. 1971). With respect to the allegations that Officers Farmer and Morgan fabricated the results of Thrower's urine tests to have his parole revoked, the Court held that any such falsification, in and of itself, would not constitute a constitutional violation, where, as here, Appellant had the opportunity to rebut those charges at a Parole Board Hearing. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (explaining that "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports,

2

without more, are not enough to state a due process claim"); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (holding that the procedural safeguards set out in Wolff v. McDonnell, 418 U.S. 539, 558 (1974), provide sufficient constitutional protection from arbitrary action of law enforcement officers). To the extent he sought to challenge the outcome of his Parole Board hearing and gain his release from prison, the Court held that his sole remedy was to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973). Thrower also sought monetary damages from defendants, which relief the Court held was barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994). Based on the allegations in the complaint, the Court allowed to proceed Thrower's claim that Officer Farmer harassed him and fabricated the results of his drug tests in retaliation for his filing of a lawsuit against someone who was allegedly either a friend or relative of Officer Farmer. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

After a period of discovery, Thrower filed a motion for summary judgment in which he primarily attacked the evidence used to revoke his parole. He claimed that Officer Farmer did not follow protocol in collecting his urine sample or determining whether any positive result could have been based on his use of prescribed medication. He did not address the fact that he signed several "admission of use" forms, though he did attach them to his motion. Officer Farmer filed a cross-motion for summary judgment, highlighting these forms, one dated October 31, 2007, in which Thrower

3

admitted to using opiates, one dated November 20, 2007, in which Thrower admitted to using heroin on November 18, and one dated January 14, 2008, in which Thrower admitted to using oxycontin and percocet on January 10 and 11. (Pl.'s Mot. for Summ. J., Ex. C.) Additionally, Thrower tested positive for morphine on January 12, 2008. (Id.) Thrower had a parole revocation hearing on February 6, 2008, at which he and Parole Officers Farmer, Bashiti, and Morgan testified. Following the hearing, the Hearing Officer sustained the charges that Thrower had used drugs and failed to complete the Halfway Back Program, and recommended that his parole be revoked. The Parole Board Panel agreed and imposed a fourteen-month future eligibility term. Thrower appealed the Board Panel decision to the full Parole Board, which affirmed.

Officer Farmer argued that she was entitled to entry of summary judgment on Thrower's retaliation claim because he failed to offer any evidence to substantiate his allegations either that he was subjected to an adverse action by Officer Farmer or that his filing of a lawsuit against John Ferrante and Essex County Jail was a substantial motivating factor in Officer Farmer's decision to take any such adverse action. See Rauser, 241 F.3d at 333 (explaining that in order to succeed on a First Amendment retaliation claim, the plaintiff must prove that: (1) he engaged in constitutionally protected conduct; (2) he was subjected to an adverse action by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the alleged adverse action). The District Court agreed with Officer Farmer, holding that

4

Thrower had failed to demonstrate that Officer Farmer took any adverse action against him, as she did not conduct the allegedly faulty drug tests, nor did she make the final decision whether to revoke Thrower's parole. As the Court noted, Thrower's filings were primarily addressed to the veracity of the evidence submitted at the parole revocation hearing, and the Parole Board's ultimate decision to revoke his parole. As the conduct of the parole revocation proceedings is not the proper subject of a section 1983 action, and Thrower failed to submit any competent, reliable evidence to substantiate his assertions that Officer Farmer fabricated the evidence against him in retaliation for his filing of a lawsuit, the District Court denied his motion for summary judgment and granted Officer Farmer's motion. Thrower appealed and requested the appointment of counsel on appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant a motion to dismiss de novo. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We also exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). A party asserting that there is a genuine dispute as to a material fact must support that assertion with specific citations to the record. See Fed. R. Civ. P. 56(c).

5

We agree with the District Court's resolution of Thrower's claims. The bulk of his arguments are directed to the evidence that was used to revoke his parole. As these arguments are essentially directed to the legality of his confinement, we agree that they are not the proper subject of a section 1983 action. With respect to Thrower's retaliation claim, he submits no evidence other than his own assertions to support the theory that Officer Farmer fabricated information regarding his drug use in retaliation for his filing of a lawsuit against Essex County Jail and its former employee. Because we conclude that this appeal presents no "substantial question," we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4 & I.O.P. 10.6. Thrower's motions for the appointment of counsel and to expedite his appeal are denied as moot.