**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3974
_____

RUBEN M. COLLAZO,
                    Appellant

v.

MOUNT AIRY NO. 1 LLC; LOUIS DENAPLES; DONALD SHIFFER, III;
JOHN CULETSU; MATTHEW MAGDA; LIANNE ASBURY;
TREVOR TASETANO; COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA GAMING CONTROL BOARD; MATT BERNAL; JOSEPH
SCALZO; KATHLEEN M. STAY; LISA ZOTI; "FLUFFY"
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00982)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2018

Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: January 26, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Ruben Collazo appeals from the District Court's order dismissing his complaint. For the following reasons, we will affirm.

I.

A.    Background

Collazo is the founder of a faith-based internet forum for gambling addicts. On December 17, 2010, he was allegedly seen distributing business cards to advertise his website at the Mount Airy Casino and Resort in Paradise Township, Pennsylvania (the "Casino"). By letter dated December 24, 2010, the director of Casino security, Lianne R. Asbury, notified Collazo that he was no longer permitted on Casino property. Asbury advised Collazo that he would be subject to eviction and arrest for criminal trespass should he return to the Casino.

Collazo was seen on the property again on or about November 29, 2013, and was arrested and charged with criminal trespass under 18 Pa. Cons. Stat. Ann. § 3503(a)(1)(i). Collazo was found guilty in the Court of Common Pleas of Monroe County. The Superior Court of Pennsylvania subsequently affirmed the conviction. Commonwealth v. Collazo, No. 3210 EDA 2014 (Pa. Super. Ct. Oct. 7, 2015).

Collazo was arrested again at the Casino on June 20, 2014. It appears that three Casino staff members (Joseph Scalzo, Kathleen M. Stay, and an individual known as "Fluffy") and one patron (Lisa Zoti) gave witness statements to the police about the alleged trespass. Collazo was initially charged with another criminal trespass offense

arising from this incident, but the charge was later reduced to the lesser summary offense of simple trespass under § 3503(b.1)(1)(i), and the trial court ultimately ordered a nolle prosequi of that charge.

Meanwhile, Collazo filed a declaratory judgment action against the Casino in the Court of Common Pleas of Monroe County.[1]  Collazo asserted that his exclusion from the Casino violated his constitutional rights to due process and free speech, and was impermissible under § 1515 of the Pennsylvania Race Horse Development and Gaming Act (the "Gaming Act"), 4 Pa. Cons. Stat. Ann. §§ 1101–1904.  The trial court determined that: (1) Collazo could not prevail on his constitutional claims because the Casino was not a state actor; and (2) the Casino acted within its authority under § 1515 in excluding him from its facility.[2]  The Pennsylvania Superior Court affirmed.  Collazo v.

---

[1] In addition to the declaratory judgment action, Collazo filed a complaint with the Gaming Control Board seeking redress for his exclusion from the Casino.  The Gaming Control Board concluded that the Casino was permitted to exclude him pursuant to 4 Pa. Cons. Stat. § 1515, set forth in note 2 below.

[2] Section 1515 provides:

> A licensed gaming entity may exclude or eject from its licensed facility or deny access to interactive gaming any person who is known to it to have been convicted of a misdemeanor or felony committed in or on the premises of any licensed facility.  Nothing in this section or in any other law of this Commonwealth shall limit the right of a licensed gaming entity to exercise its common law right to exclude or eject permanently from its licensed facility or permanently deny access to its interactive gaming any person who disrupts the operations of its premises or its interactive gaming, threatens the security of its premises or its occupants or is disorderly or intoxicated or who threatens the security of its licensed facility or the area of a licensed facility where interactive gaming operations are managed,

3

<u>Mount Airy #1, LLC</u>, No. 175 C.D. 2015, 2015 WL 5670831, at *4 (Pa. Commw. Ct. Sept. 10, 2015) (per curiam) (not precedential).

      B.     District Court proceedings

In May 2016, Collazo commenced this federal civil rights action in the United States District Court for the Middle District of Pennsylvania against eleven private parties, including: the Casino; its former owner, Louis DeNaples; Vice President of Operations, Matthew Magda; Security Director Asbury; Security Supervisor Trevor Tasetano; Casino attorney Donald Shiffer, III; Casino employee John Culetsu; Casino staff members Scalzo, Stay, and Fluffy; and patron Zoti. Collazo also named as defendants the Commonwealth of Pennsylvania, the Gaming Control Board, and Monroe County Assistant District Attorney Matt Bernal.

In the federal complaint, Collazo again claimed that his exclusion from the Casino violated his constitutional rights. Collazo further claimed that the defendants' actions violated his rights under Titles II and III of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 953. He also set forth claims for malicious prosecution, false arrest, and retaliation.[3] He also asked the District Court to declare the Casino and "all gaming floors" in Pennsylvania state actors, and to declare that the Gaming Act fails to provide constitutional protections in violation of the

---

administered or controlled.

[3] By way of relief for these claims, Collazo sought compensatory and punitive damages in excess of $500,000.

Bill of Rights as well as Article I, Sections 1, 3, 7, 20, and 26 of the Pennsylvania Constitution.

The matter was referred to a Magistrate Judge who recommended that the complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Specifically, the Magistrate Judge recommended that Collazo's claims be dismissed on the grounds that: the Commonwealth and the Gaming Control Board were entitled to immunity under the Eleventh Amendment; ADA Bernal was immune from suit for his role in prosecuting Collazo's criminal case; Collazo's challenges to the Gaming Act were precluded under the doctrines of res judicata and collateral estoppel; Collazo's claims for malicious prosecution and unlawful arrest were barred under Heck v. Humphrey, 512 U.S. 477, 483 (1994);[4] and any claims that were previously decided in state court were barred under the Rooker-Feldman doctrine.

Collazo filed objections to the Magistrate Judge's Report and Recommendation, but the District Court overruled them on the grounds that they were both meritless and also failed to address the Magistrate's Report and Recommendation. The District Court adopted the Report and Recommendation and dismissed the complaint. Collazo appealed.

II.

---

[4] The criminal trespass case was still pending at the time of the Magistrate Judge's Report and Recommendation.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

III.

Having conducted that review, we see no error in the District Court's decision to dismiss the complaint under § 1915(a)(2)(B)(ii). For substantially the reasons provided by the Magistrate Judge in his Report and Recommendation, we agree that Collazo's complaint failed to state a claim on which relief may be granted.

Collazo's primary argument on appeal is that Magistrate Judge Carlson and District Judge Mariani should have recused themselves from this matter in light of their alleged relationship with defendant DeNaples. Because Collazo did not seek recusal in the District Court, we review for only plain error the judges' decisions not to recuse. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166–67 & n.16 (3d Cir. 2004).

We see no such error. Pursuant to 28 U.S.C. § 455(a), a magistrate or district court judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 343 (3d Cir. 1998). Collazo does not direct us to any evidence in the record of impartiality. In fact, Collazo's argument in support of recusal is borrowed entirely from another litigant's contention that District Judge Mariani should have recused himself in an unrelated case involving defendant

6

DeNaples. In the absence of any evidence of impartiality in this case, we see no plain error in the Magistrate Judge's or District Judge's decision not to recuse.

On appeal, Collazo also continues to press his constitutional and statutory challenges to the Casino's right to exclude him under 4 Pa. Cons. Stat. Ann. § 1515. We agree with the Magistrate Judge, however, that principles of res judicata bar these challenges, as the Commonwealth Court previously addressed them in Collazo's declaratory judgment action against the Casino.[5] See McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989) (applying Pennsylvania law of res judicata to determine whether federal-court claims were barred); Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (providing that, under Pennsylvania law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action"). To the extent that Collazo did not previously assert these claims against the Commonwealth, the Magistrate Judge correctly concluded that the Commonwealth is, in any event, entitled to Eleventh Amendment immunity. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000); 42 Pa. Cons. Stat. Ann. § 8521(b). In addition, Collazo cannot sue the Gaming Control Board under § 1983 because it is not a "person." See Madden v. N.J. State Parole Bd., 438 F.2d 1189, 1190 (3d Cir. 1971).

---

[5] It was permissible in this case for the Magistrate Judge and District Court to apply res judicata at the screening stage. See Arizona v. California, 530 U.S. 392, 412 (2000); Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002).

Lastly, while Collazo appears to have raised several additional constitutional challenges concerning the Gaming Control Board's role in enforcing the Gaming Act, he lacks standing to do so.  See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000) (providing that, in order to establish Article III standing, a plaintiff must show, among other things, that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical").  All of Collazo's challenges concern § 1514 of the Gaming Act and its associated regulations.  See 4 Pa. Cons. Stat. Ann. § 1514 (directing the Gaming Control Board to establish, by regulation, a list of persons prohibited from casinos and standards for exclusion).  Collazo was not, however, excluded from the Casino under § 1514, and he does not allege that he was otherwise injured as a result of the Gaming Control Board's actions pursuant to this provision.

IV.

We have considered Collazo's remaining arguments on appeal and conclude that they are meritless.  Accordingly, we will affirm the District Court's order dismissing the complaint.[6]

---

[6] Any amendment to the complaint would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).