**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0191-18T1

JOSE SERRANO,

      Appellant,

v.

NEW JERSEY STATE
 PAROLE BOARD,

      Respondent.

_____

Submitted September 23, 2019 – Decided January 14, 2020

Before Judges Vernoia and Susswein.

On appeal from the New Jersey State Parole Board.

Jose Serrano, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Jose Serrano, is a State Prison inmate serving a life sentence imposed on his 1983 convictions for murder and aggravated assault. He appeals from a final agency decision of the New Jersey State Parole Board denying his application for parole and imposing a ninety-six-month future eligibility term (FET).[1] We have considered petitioner's arguments in light of the record and applicable legal standards and affirm the Parole Board's final agency decision.

## I.

Petitioner has been incarcerated since 1982. He became eligible for parole on January 29, 2018, after serving the mandatory term of parole ineligibility imposed at sentencing. His application for parole was first heard by a two-member Board panel. That panel denied parole and referred the matter to a three-member panel to fix an FET outside of the administrative guidelines, which provide for a standard FET of twenty-seven months. See N.J.A.C. 10A:71-3.21(a)(1). On April 11, 2018, the three-member panel established a ninety-six-month FET. The panel issued an eight-page opinion explaining the reasons for its decision. Petitioner pursued an administrative appeal to the full Board. After considering the entire record, the full Board agreed that there is a substantial likelihood petitioner would commit another crime if released on

---

[1] Petitioner's new projected parole eligibility date is in June 2022.

parole. Upon that finding, the full Board affirmed the parole denial and the ninety-six-month FET.

Petitioner, appearing before us pro se, presents the following contentions for our consideration:

POINT I

THE DECISION OF THE PAROLE BOARD WAS ARBITRARY AND CAPRICIOUS, AND NOT SUPPORTED BY CREDIBLE EVIDENCE.

POINT II

THE PAROLE BOARD DECISION WAS ARBITRARY AND IRRATIONAL, THE BOARD ALSO VIOLATED N.J.S.A. [] 30:4-123.56(A).

A. PARTICULAR REASONS FOR ESTABLISHING A FUTURE PAROLE ELIGIBILITY DATE OUTSIDE OF THE ADMINISTRATIVE GUIDELINES: FACTS AND CIRCUMSTANCES OF OFFENSE.

B. THE PAROLE BOARD FOUND INSUFFICIENT PROBLEM RESOLUTION, AND A LACK OF INSIGHT INTO CRIMINAL BEHAVIOR AS A REASON TO QUESTION APPELLANT'S ABILITY TO DEAL WITH HIS PROBLEM.

II.

The standard of review in this appeal is highly deferential to the Parole Board's decision-making authority. Our review is limited to evaluating whether the Board acted arbitrarily or abused its discretion. See In re Vay, 272 N.J. Super. 199, 205–06 (App. Div. 1993). Parole decisions are "individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Those decisions, moreover, are inherently subjective, and ultimately must be made by those with experience and expertise in this field. See Puchalski v. N.J. State Parole Bd., 104 N.J. Super. 294, 300 (App. Div. 1969) ("Such predictions as to future behavior are necessarily quite subjective and leave the Board with a broad discretion in the grant or denial of parole." (citing Mastriani v. N.J. Parole Bd., 95 N.J. Super. 351, 355–57 (App. Div. 1967), overruled on other grounds by Thompson v. N.J. State Parole Bd., 210 N.J. Super. 107, 122 (App. Div. 1986))).

Petitioner committed his crimes in 1982. The statute governing parole in effect at the time of his offense establishes a presumption of parole that is overcome only if the Board finds "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." N.J.S.A. 30:4-123.53(a) (1982).

In making its determination, the Board must consider all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b).

III.

The record shows that the Board considered all relevant aggravating and mitigating circumstances. With respect to mitigating factors, the board found that: (1) petitioner has a minimal offense record; (2) petitioner completed activities under community supervision without any violations; (3) petitioner has been infraction-free since his last parole hearing; (4) he participated in programs specific to his behavior; (5) he participated in institutional programs; (6) his institutional reports reflect favorable institutional adjustment; (7) he achieved and maintained minimum custody status; and (8) his commutation time was restored.

The Board found the following aggravating factors: (1) the facts and circumstances of the offense; (2) the nature of the criminal record, which became increasingly more serious;[2] (3) petitioner was committed to incarceration for multiple offenses; (4) he committed new offenses on probation, but his probationary status was not revoked; (5) prior opportunities for probation

---

[2] Petitioner has no prior adult criminal record, but he had a juvenile offense record prior to the murder.

failed to deter his criminal behavior; (6) he committed numerous and persistent institutional disciplinary infractions serious in nature and resulting in loss of commutation time and confinement in administrative segregation;[3] and (7) insufficient problem resolution.

The Board found the last aggravating factor especially significant. The Board concluded that petitioner lacks insight into his violent criminal behavior, as demonstrated by a pre-parole report and the results of an objective risk assessment evaluation. The Board found with regard to his insufficient problem resolution that although petitioner was involved in programs while serving his sentence, he gained little insight from those rehabilitative efforts. The Board explained, "[w]hile [petitioner] claims remorse, he demonstrates little understanding of his behavior, only stating how he sees now that it was wrong. He gives no indication that he would act any differently if he was rejected in the future and he does not appear to have fully addressed his anger."

The three-member panel was especially thorough in documenting the bases for concluding that petitioner had not sufficiently resolved the problems that gave rise to his violence. The panel found that petitioner:

---

[3] The Board recognized that petitioner's last institutional infraction occurred in March 1997.

[p]resent[ed] as not understanding the specific triggers and motivations to [his] violent reactionary thinking. At the current hearing, [petitioner] offered only general and un-insightful [sic] comments regarding the murder of the victim including that [he] acted in "fear" and that [he was] not "thinking clearly." The Board panel [found] that [his] presentation was representative of someone who has yet to understand the root causes as to why they chose to use extreme violence to resolve conflict.

The panel further found:

[petitioner] present[ed] as not having appropriate awareness as to what motivated [his] negative behavior. [Petitioner] offered to the Board panel that [he was] emotional[ly] troubled due to [his] girlfriend ending [their] relationship. Further, [he] claimed that all of [his] actions leading up to the murder had good intentions and that though misguided, were an attempt on [his] part to win her back. [Petitioner's] actions involved threats to her, her family and suicidal ideation. The series of choices, decisions and actions on [his] part were over an extended period of time and were steadfast. Lost on [him were] the specifics as to why the emotional and stressful factors led [him] to behave in an extreme anti-social manner. [Petitioner has] yet to conduct an introspection into the violent personality defect[] that impelled [him] to commit murder.

IV.

Petitioner contends that the Parole Board gave too much weight to the aggravating factors and not enough weight to the mitigating factors. The detailed reasons given by the Board in support of its decision show that it

7

considered all pertinent facts and circumstances, both aggravating and mitigating, and did not abuse its discretion in concluding that the aggravating factors qualitatively outweighed the mitigating factors. As we have already noted, parole decisions are inherently subjective, and we are required to respect the Parole Board's experience and expertise. Puchalski, 104 N.J. Super. at 300.

Petitioner also contends that his prior criminal history and institutional infractions are too remote in time to be relevant. We disagree. The regulation governing the exercise of the Parole Board's discretion permits the Board to consider these circumstances. N.J.A.C. 10A:71-3.11(b) (listing twenty-three factors the Board may consider, including the "[f]acts and circumstances of the offense," the "[a]ggravating and mitigating factors surrounding the offense," "[p]articipation in institutional programs," and "[s]tatements by the inmate reflecting on the likelihood that he or she will commit another crime"). We do not believe that the Board placed inappropriate emphasis on these circumstances. Nor do we believe the Board viewed them out of context or without due regard to the elapsed time. The Board recognized that petitioner had no adult criminal history. It also recognized that he had gone more than twenty years without an institutional infraction, finding as a mitigating factor

that he has made a favorable institutional adjustment and has had his lost commutation time restored.

We also reject petitioner's contention that the Board inappropriately considered the severity of his crimes as an independent factor in denying parole and establishing a ninety-six-month FET. Contrary to petitioner's characterization, the Board properly considered the severity of the violent crimes in the context of his lack of insight into the root causes of his violent anti-social behavior. We note in this regard that we previously have affirmed denial of parole in cases where the Board cited insufficient problem resolution and lack of insight as an aggravating factor. See, e.g., McGowan v. New Jersey State Parole Bd., 347 N.J. Super. 544, 558–59, 565 (App. Div. 2002) (affirming the Board's denial after the Board found "appellant's lack of insight into what caused him to commit this offense was 'extremely disconcerting'"). We do not believe that the Board in this instance improperly considered the severity of petitioner's violent crimes. Nor did the Board give inappropriate weight to the insufficient problem resolution circumstance in evaluating and balancing the pertinent aggravating and mitigating factors.

The same circumstances that led the Board to deny parole also support its decision to impose a ninety-six-month FET. Pursuant to N.J.A.C. 10A:71-

3.21(a)(1), the standard FET would have been twenty-seven months. The regulations provide, however, that the Board may impose an FET outside the standard guidelines if it determines that the standard FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). In this instance, the Board adequately explained the basis for its decision to go outside the standard FET guidelines and impose a ninety-six-month FET, relying heavily on petitioner's continuing failure to gain an understanding of the "specific triggers and motivations to [his] violent reactionary thinking." The full Board did not abuse its broad discretion when it embraced the assessment of the three-member panel that petitioner requires this additional time in prison to conduct an introspection into the violent personality issues that impelled him to commit murder.

To the extent we have not already addressed them, any other arguments raised by petitioner do not have sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0191-18T1